# 96 DTA 131

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

OLGA L. TORRES RAMOS
Recurrente

v.

POLICIA DE PUERTO RICO
Recurrida

Núm. KLRA-96-00024

RECEIVED
[...] 1996
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 15 de octubre de 1996

Panel integrado por su presidente, Juez señor Brau Ramírez
y los Jueces señor Colón Birriel y señora Pesante Martínez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso persigue que revoquemos una Resolución dictada el 1 de mayo de 1996 por la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) que avaló la decisión de la Policía de Puerto Rico de rechazar la solicitud de empleo para un puesto de Guardia Cadete presentada por la recurrente, Olga L. Torres Ramos. Expedimos el auto y revocamos.

La recurrente solicitó empleo como Guardia Cadete de la Policía de Puerto Rico. Entre los requisitos requeridos para completar la solicitud de empleo se encontraba la realización de un investigación confidencial con el propósito de tener conocimiento sobre el carácter, reputación, hábitos, conducta en la comunidad y otros aspectos pertinentes acerca del solicitante. █ La Oficina de Seguridad y Protección de la Policía de Puerto Rico como resultado de la investigación realizada concluyó que la recurrente no cualificaba para el puesto solicitado e hizo una recomendación desfavorable. █

El 20 de septiembre de 1995, se le informó a la recurrente que no cumplió con los requisitos para ingresar a la policía. No conforme con dicha determinación apeló ante J.A.S.A.P. la denegatoria de su solicitud. El 6 de febrero de 1996, J.A.S.A.P. le ordenó a la Policía de Puerto Rico someter una copia de la investigación realizada bajo la más estricta confidencialidad. Luego de evaluar la prueba documental presentada J.A.S.A.P. resolvió, mediante resolución del 3 de abril de 1996 y notificada el 9 de abril, no intervenir con la acción decretada. La moción de reconsideración presentada en tiempo fue declarada no ha lugar.

La peticionaria alega que J.A.S.A.P. cometió tres (3) errores:

*"1) Al desestimar la apelación sin la celebración de una vista evidenciaria.*

*2) Al negarle acceso a la peticionaria a los resultados de la investigación confidencial y a presentar prueba en apoyo a su contención.*

*3) Por violar su derecho a un debido proceso de ley."*

Por entender que se cometieron los errores señalados expedimos el auto y revocamos.

### II
En *López Vives v. Policía de P.R.,* 118 D.P.R. 219 (1987), el Tribunal Supremo resolvió la

controversia ante nuestra consideración. En dicha ocasión se dispuso las instancias en las cuales un tribunal administrativo a nivel apelativo está obligado a reconocerle a un ciudadano el derecho examinar un informe que fue utilizado como razón principal para resolver en su contra.

El Tribunal reconoció *"que un ciudadano de una sociedad que se gobierna a sí misma posee el derecho constitucional de examinar la información que está en poder del Estado."* ■ *Ibid.* pág. 228. No obstante, este derecho no es absoluto puesto que el mismo puede ser limitado por el Estado cuando existe un interés apremiante que así lo amerite. *Ibid.* pág. 229.

En *Santiago y Bobb v. El Mundo, Inc.,* 117 D.P.R. 153, 159 (1986), se mencionaron unas situaciones que deben estar presentes para que el Estado prevalezca en su reclamación de no divulgación: Las mismas son las siguientes; cuando: *"(1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarios que pueden invocar los ciudadanos;... (3) revelar la información pueda lesionar derechos fundamentales de terceros;...(4) se trata de la identidad de un confidente --Regla 32* ■ *de Evidencia-- y (5) sea información oficial conforme la Regla 31* ■ *de Evidencia".* ■

En el caso de marras la Policía de Puerto Rico sostiene su derecho a confidencialidad argumentando que inforrnación solicitada goza de los privllegios recogidos en la Regla 31 y Regla 32 de Evidencia. ■ Además, alega que la divulgación puede afectar derechos de terceros.

La Sección 19.6(6) del Reglamento de Personal de la Policía dispone:

*"A todo candidato a ingreso se le practicará una investigación minuciosa sobre carácter, reputación, hábitos, conducta en la comunidad y otros aspectos similares. El expediente de la investigación practicada, así como la información contenida en el mismo estará clasificada en la categoría de confidencial."*

Vemos pues, que la investigación realizada en este caso tiene como propósito legítimo garantizar que el personal que trabaje para la Policía de Puerto Rico sea el más capacitado y moralmente idóneo para velar por la seguridad pública. Demostrado que la información solicitada fue obtenida legítimamente debemos entonces analizar las circunstancias que rodean el caso en su totalidad. ■

Esto quiere decir, que el tribunal administrativo deberá analizar el contenido y naturaleza del informe junto al efecto que tendría la divulgación de la información. También deberá analizar cual es la práctica de la agencia al investigar estos casos incluyendo quién tiene acceso a los documentos y a que usos se destina. Por último, hay que evaluar cuáles son las consecuencias de la divulgación sobre la vida privada de terceos y confrontarla con el interés público en la divulgación. *Ibid,.* pág. 933-234.

No olvidemos que al evaluar un reclamo de confidencialidad de parte del Estado dicha interpretación deberá realizarse de tal manera que propenda a divulgar la información solicitada y para que el Estado prevalezca deberá demostrar un interés apremiante de mayor jerarquía que el derecho de un ciudadano a obtener información. ■

*"El Estado no puede invocar livianamente el privilegio de información oficial o de confidencialidad frente al reclamo del ciudadano o de la prensa a que se le brinde información sobre asuntos de interés general. Sólo en casos de imperativo interés público puede el Estado invocar el manto de secretividad o confidencialidad ante un reclamo de información en poder del Estado...La reglamentación en términos de confidencialidad absoluta no puede prevalecer."*

Conferencia Judicial Plenaria, *Primer Examen de las Reglas de Evidencia de 1979: Comentarios y Recomendaciones,* XXI Rev. Jur. U. I. P.R. 143 (1986).

Los tribunales debemos ser muy cautelosos al revisar las determinaciones de los organismos administrativos para, de esta manera, garantizarle al ciudadano la protección de su derecho constitucional evitando que las agencias tomen decisiones arbitrarias y caprichosas que violenten su derecho al libre flujo de información. *Ibid.,* pág. 234.

Cabe señalar, que independientemente de la existencia de prueba contundente que sostenga la decisión de la agencia, la recurrente tenía derecho a conocer la prueba y refutarla, si lo entendía conveniente. *"[S]alvo que el Estado cumpla con los criterios de confidencialidad descritos anteriormente." Ibid.*, pág. 235.

El informe solicitado tenía como propósito determinar si la recurrente cumplía con los requisitos para ser miembro de la policía como guardia-cadete. La investigación de la policía había culminado con su recomendación negativa. La recurrente solicitó copia del informe luego de la decisión de la Policía de Puerto Rico de denegar su solicitud. Por tanto, no existía el riesgo de afectar una investigación en proceso ya que la misma había finalizado.

La Policía de Puerto Rico alega que la divulgación y acceso a la información atenta contra la seguridad de terceros porque la recurrente podría reconocer las personas que dieron la información bajo la promesa de estricta confidencialidad. No nos persuaden dichos argumentos. El Estado no ha demostrado como el divulgar la información pone en riesgo los derechos de terceros, los intereses del gobierno o la seguridad pública. Este no puede descansar en meras especulaciones para sostener este privilegio

J.A.S.A.P. tenía la obligación de buscar otras alternativas que hicieran viable el acceso al informe. El mecanismo de *"inspección en cámara"* puede ser bien útil para casos como el de marras ya que permite a la recurrente conocer el contenido del informe para poder refutarlo en un proceso administrativo y no para publicarlo. *Ibid.*

Por otro lado, encontramos que la investigación realizada no está cobijada por la excepción a divulgación. Dicha investigación tenía como propósito determinar si la recurrente poseía las cualidades necesarias para pertenecer a la policía. No se estaba investigando la violación de alguna ley civil o criminal. El hecho de que la policía realice una investigación no quiere decir que la misma está cobijada por la excepción. *Ibid.*, pág. 237.

La comparecencia ante J.A.S.A.P. es la última oportunidad que tiene el peticionario en el procedimiento administrativo para confrontar la prueba y defenderse. En este sentido es *"equivalente a un juicio en sus méritos, pues no es una etapa preliminar del caso. Una vez J.A.S.A.P. emite su dictamen el único remedio disponible es un recurso de revisión en donde el alcance de la intervención es limitado." Ibid.*, pág. 230.

Por ello, los tribunales apelativos de los organismos administrativos deben reconocerle a la parte afectada por la decisión de la agencia el derecho a presentar prueba a su favor y a refutar oralmente o por escrito la evidencia sometida en su contra. *Ibid.*, pág. 231.

Por consiguiente, luego de analizar los hechos particulares de este caso y la jurisprudencia aplicable, estamos obligados a concluir que no existen razones para que la recurrente no tenga derecho a inspeccionar en camara el informe que se utilizó para rechazar su solicitud de empleo a la Policía de Puerto Rico. Se expide el auto de *certiorari*, se revoca la Resolución en controversia y se ordena la devolución del caso al foro administrativo para que se continúen con los procedimientos de manera consistente con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Notifíquese por la vía ordinaria.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 131

1. Véase, Formulario: Orientación sobre ingreso a la Policía de Puerto Rico.

2. Véase, Moción Sometiendo Informe de Investigación; Bajo Estricta Confidencialidad.

**3.** Nuestra Constitución reconoce el derecho a libre flujo de información al disponer en su Art. II, Sec.4: No se aprobará ley alguna que restrinja la libertad de palabra o de prensa o el derecho del pueblo a reunirse en asamblea pacífica y a pedir al gobierno la reparación de agravios.

**4. *"Regla.32 Privilegio en cuanto a identidad de informante***

*"Una identidad pública tiene el privilegio de no revelar la identidad de una persona que ha suministrado información tendente a descubrir la violación de una ley del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América, si la información es dada en confidencia por el informante a un funcionario de orden público, a un representante por la agencia encargada de la administración o ejecución de la ley que se alega fue violada o a cualquier persona con el propósito de que la trasmitiera a tal funcionario o representante. Evidencia sobre dicha identidad no será admisible a menos que el tribunal determine que la identidad de la persona que dio la información ya ha sido divulgada en alguna otra forma, o que la información sobre la identidad es esencial para una justa decisión de la controversia, particularmente cuando es esencial a la defensa del acusado."*

**5. *"Regla 31. Privilegio sobre información oficial***

*(A) Según usada en esta regla, "información oficial" significa información adquirida en confidencia por un funcionario o empleado público en el desempeño de su deber y que no ha sido oficialmente revelado ni está accesible al público hasta el momento en que se invoca el privilegio.*

*(B) un testigo tiene el privilegio de no divulgar una materia por razón de que constituye información oficial, y no se admitirá evidencia sobre la misma si el tribunal concluye que la materia es información oficial y su divulgación está prohibida por ley, o que divulgar la información en la acción sería perjudicial a los intereses del gobierno del cual el testigo es funcionario o empleado."*

**6.** Según lo citado en *López Vives v. Policía de P. R., Ibid.*

**7.** Sabemos que las Reglas de Evidencia de ordinario no se aplican a los procesos administrativos pero se ha reconocido que a nivel apelativo el Estado se puede beneficiar de los privilegios expuestos en las Reglas 31 y 32 porque su aplicación le *"permite al juzgador establecer el balance de interés del ciudadano de obtener la información y el del Estado de no divulgarla prematuramente." Ibid,* pág. 32.

**8.** Véase, *Santiago y Bobb v. El Mundo, Inc., supra.*

**9.** Según lo citado, *Ibid,*. esc. 10 y 19; En especial véase las referencias a: Cf. Davis, *Administrative Law Treatise,* 2da ed., San Diego, Davis Pub. Co., 1980, Vol. 3, Sec. 16.1, pág. 263; Cf. McCormick, *Evidence,* Cap. 12, Sec. 110 (3ra ed. 1984); 8 Wigmore, *Evidence,* Sec. 2379, pág.808 (1961).